IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| MORROW EQUIPMENT CO., LLC;<br>FLY & FORM STRUCTURES, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>HCC SPECIALTY INSURANCE COMPANY, n/k/a TOKIO MARINE GRV RE, INC; LOCKTON COMPANIES, LLC,<br><br>Defendants. | C/A NO.: **2:21-cv-530-BHH**<br><br>COMPLAINT<br>(Jury Trial Requested) |

NOW COMES Plaintiffs Morrow Equipment Co., LLC and Fly & Form Structures, Inc., by and through counsel, complaining of the above Defendants, based upon information and belief, as follows:

### JURISDICTION, VENUE, AND PARTIES

1. This Court has jurisdiction pursuant to 28 U.S.C. §1332 and 28 U.S.C. § 1367 as the Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds $75,000.

2. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because substantially all the events and omissions giving rise to the claims occurred in this District.

3. Plaintiff Morrow Equipment Co., LLC ("Morrow") is a limited liability company organized and existing under the laws of Delaware with its principal place of business in Salem, Oregon.

1

4. Plaintiff Fly & Form Structures, Inc. ("Fly & Form") is a corporation organized and existing under the laws of Georgia with its principal place of business in Atlanta, Georgia.

5. Defendant HCC Specialty Insurance Company, n/k/a TOKIO MARINE GRV RE, INC ("HCC") is a corporation organized and existing under the laws of Oklahoma with its principal place of business in Texas.

6. Defendant Lockton Companies, LLC ("Lockton") is a limited liability company created and existing under the laws of Missouri with its principal place of business in Missouri.

## FACTS

7. Defendant HCC issued an Owner Controlled Insurance Program ("OCIP") commercial general liability policy, with policy number S14PC30016-00 (the "OCIP policy"), regarding the construction of Courier Square, a mixed-use development located at 465 Meeting Street, Charleston, South Carolina.

8. Greystar Development & Construction, L.P. ("Greystar") was the owner and general contractor of the Courier Square project.

9. Greystar contracted with Plaintiff Fly & Form to provide turnkey concrete and form work for the Courier Square project. That subcontract required that Plaintiff Fly & Form enroll in the project OCIP.

10. Defendants knew that Plaintiff Fly & Form was providing "turnkey concrete and form work" for the Courier Square project.

11. Further, the parties anticipated and intended that Plaintiff Fly & Form was responsible for leasing, securing the assembly of, and operating two cranes on the

project.

12. Plaintiff Fly & Form successfully enrolled in the OCIP policy through Defendant Lockton, who was the OCIP policy administrator. Defendant Lockton issued a certificate of insurance as proof of coverage under that policy on December 12, 2015 stating that Fly & Form was a named insured on the OCIP policy.

13. As part of its subcontract with Greystar, Plaintiff Fly & Form leased a tower crane from Plaintiff Morrow. In the Plaintiffs' August 26, 2015 lease agreement, Plaintiff Fly & Form agreed to defend, indemnify, and hold Morrow harmless from claims and liabilities arising from the lease agreement. The lease further required Fly & Form to carry liability insurance with Morrow as an additional insured.

14. The OCIP policy included an endorsement for additional insureds for liability for "bodily injury" caused "in whole or in part" by the additional insured's acts or omissions, or "the acts or omissions of those acting on [the additional insured's] behalf."

15. The OCIP policy also included an endorsement establishing as an additional insured any organization who leases equipment where the contract or agreement provides that the lessor be added as an additional insured with respect to liability for bodily injury.

16. On December 30, 2015, Ignacio Barriga-Herrera died after being struck by a metal pin that was dropped from approximately 180 feet in the air during erection of the tower crane leased by Fly & Form from Morrow. At the time of the accident, members of the crane assembly crew were installing pins to connect the tower to the turntable, above the area where Mr. Barriga-Herrera and his son, Miguel Gonzalez,

were working as part of an electrical crew. After installing three pins successfully, the fourth pin slipped from a crewman's hands and fell approximately 180 feet before striking Mr. Barriga-Herrera in the back, while his son was standing beside him working. Mr. Barriga-Herrera was pronounced dead on arrival to the hospital about 30 minutes later.

17. At the time of the accident, a technician from Plaintiff Morrow was on site to provide technical support and assistance.

18. On October 20, 2017, the estate of Mr. Barriga-Herrera filed an action for wrongful death and survival against Plaintiffs and others. The estate filed an amended complaint November 16, 2017. Mr. Gonzalez filed suit on July 6, 2018 against Plaintiffs and others seeking damages as a result of witnessing the accident.

19. In the amended complaint, Barriga-Herrera's estate alleged negligence, survival, and wrongful death actions against Plaintiffs Fly & Form and Morrow, among others, including identical allegations that both failed to block off the area beneath the crane during assembly; failed to assemble the crane in a reasonably safe manner; failed to warn of or correct an unreasonably dangerous condition; failed to adequately provide for the safety of the general public and workers on site; and failed to exercise reasonable care, caution, and prudence. The amended complaint also alleged that Plaintiff Morrow had failed to provide proper instructions and equipment to the crane assembly crew.

20. Gonzalez in his complaint alleged actions for negligent infliction of emotional distress against Plaintiffs Fly & Form and Morrow, among others, including identical allegations against both which included those set forth in the Barriga-Herrera amended complaint listed in paragraph 19.

4

21. Plaintiff Fly & Form provided the lawsuits to Network Adjusters, an agent of Defendant HCC, and requested the OCIP carrier defend it against the claims.

22. The OCIP carrier, Defendant HCC, agreed to defend Plaintiff Fly & Form against the Barriga-Herrera and Gonzalez claims.

23. Defendant HCC retained a single law firm, Sweeney Wingate & Barrow, PA, to represent and defend Greystar, H.R. Allen, and Fly & Form in the Barriga-Herrera lawsuit through the OCIP Policy.

24. On November 21, 2017, counsel for Fly & Form notified Network Adjusters via email regarding a letter from Morrow, dated November 17, 2017, demanding defense and indemnification regarding the accident.

25. After being served with the Barriga-Herrera lawsuit, Plaintiff Morrow again sought a defense and indemnity from Plaintiff Fly & Form on January 29, 2018.

26. On February 12, 2018, Plaintiff Fly & Form again requested, by and through Network Adjusters, that Defendant HCC defend and indemnify Plaintiff Morrow regarding the Barriga-Herrera lawsuit pursuant to the OCIP Policy.

27. Defendant HCC denied the request for defense and indemnity of Morrow on February 23, 2018.

28. Plaintiff Fly & Form, through its attorney, reasserted its request for defense and indemnity for Morrow on March 2, 2018 via email.

29. On March 15, 2018, counsel for Defendant HCC, via letter, denied Plaintiff Fly & Form's request for defense and indemnity.

30. Because of HCC's refusal to defend and indemnify Plaintiff Morrow,

5

Plaintiff Fly & Form accepted Plaintiff Morrow's defense and indemnity request in March of 2018 pursuant to the lease agreement.

31. After the filing of the Gonzalez lawsuit, Plaintiff Fly & Form requested defense and indemnity from Defendant HCC on behalf of Morrow under the OCIP policy on August 8, 2018 in relation to that lawsuit and reasserted the request regarding the Barriga-Herrera lawsuit.

32. The OCIP carrier, Defendant HCC, agreed to defend Plaintiff Fly & Form against the Gonzalez claims.

33. Defendant HCC again assigned the defense to Sweeney Wingate & Barrow, PA, who represented and defended Greystar, H.R. Allen, and Fly & Form in the Gonzalez lawsuit until the firm was eventually relieved as counsel.

34. On September 7, 2018, Defendant HCC denied defense and indemnity to Morrow for the Gonzalez and Barriga-Herrera lawsuits.

35. The Barriga-Herrera and Gonzalez lawsuits proceeded through discovery for more than 2 years, with more than 20 depositions being taken.

36. During that time, Fly & Form paid for the defense of Plaintiff Morrow in both cases despite the fact that Fly & Form was being defended under the OCIP policy, along with Greystar and H.R. Allen, against the same allegations being pursued against Morrow in the lawsuits.

37. The cases were first mediated on February 27, 2019, but the parties were unable to reach a settlement.

38. After the mediation, Defendant HCC changed attorneys for Greystar,

6

H.R. Allen, and Fly & Form. It did not, however, assume the defense of Plaintiff Morrow.

39. A second mediation occurred on October 29th and October 30th of 2019.

40. After paying over $80,000 to defend the claims against Plaintiff Morrow in the lawsuits, Plaintiff Fly & Form was presented an opportunity to resolve the claims against Plaintiff Morrow that would extinguish the potential liability of Plaintiff Morrow and end Fly & Form's obligation to pay attorneys' fees and litigation costs to prepare and try the Barriga-Herrera and Gonzalez lawsuits.

41. After determining that Defendant HCC was not going to extinguish Plaintiff Morrow's exposure to plaintiffs' claims, Plaintiff Fly & Form agreed to a settlement of the claims against Plaintiff Morrow.

42. As a result of Plaintiff Fly & Form's agreement to settle the claims against Plaintiff Morrow, the Barriga-Herrera and Gonzalez cases both settled in full.

43. Defendant HCC's denial of its duty to defend and indemnify Plaintiff Morrow was not justified based on the additional insured endorsement as Plaintiff Morrow was acting on behalf of Plaintiff Fly & Form at the time of the accident.

44. Defendant HCC's denial of its duty to defend and indemnify Plaintiff Morrow was not justified based on the Lessor of Leased Equipment endorsement.

45. As a direct and proximate cause of Defendant HCC's denial of its duty to defend, Plaintiff Fly & Form paid legal fees on behalf of Plaintiff Morrow totaling over $75,000.00.

46. As a direct and proximate cause of Defendant HCC's denial of its duty to

indemnify, Plaintiff Fly & Form paid money in excess of the amount in controversy on behalf of Plaintiff Morrow as its part of the settlement of the claims on April 13, 2020.

47. As a direct and proximate cause of Defendant HCC's denial of its duty to defend, Plaintiff Morrow incurred additional legal fees that were not reimbursed by Plaintiff Fly & Form.

## FIRST CLAIM FOR RELIEF

48. Plaintiffs hereby incorporate each and every paragraph above as if fully restated herein.

49. Defendant HCC breached its policy by failing to defend, failing to pay the defense costs incurred by Morrow, failing to pay the settlement amount, and failing to indemnify Morrow for the value of damages covered by HCC's policy.

50. Plaintiffs are entitled to judgment against the Defendants for the full value of the settlement, Plaintiff Morrow's attorneys' fees and costs, pre-judgment interest, and other actual damages caused by Defendant HCC's breach of its policy.

## SECOND CLAIM FOR RELIEF

51. Plaintiffs hereby incorporate each and every paragraph above as if fully restated herein.

52. Defendant HCC had a duty to defend and indemnify Plaintiff Morrow.

53. Defendant HCC had a duty to sacrifice its interest for the interests of its policy holders, the Plaintiffs.

54. Instead, by refusing to undertake its duty to defend and indemnify Plaintiff Morrow, Defendant HCC acted unreasonably and in bad faith in that denial, placing its interests over those of the Plaintiffs in an effort to avoid liability under the policy

regarding the claims against Plaintiffs for losses that were in fact covered by the OCIP policy, and in an attempt to bring in additional sources of settlement funds, all the while defending other similarly situated parties under the OCIP policy.

55. Defendant HCC acted in gross disregard of the legitimate interests and rights of Plaintiffs, insureds under the OCIP policy.

56. Defendant HCC breached its obligations of good faith and fair dealing, including but not limited to denying the existence of coverage for Plaintiff Morrow.

57. As a result of Defendant HCC's bad faith and unreasonable refusal to defend and indemnify Plaintiff Morrow, Plaintiffs are entitled to judgment against Defendant HCC for the value of the settlement, Plaintiffs' attorneys' fees and costs, pre-judgment interest, and other actual damages, including all consequential damages, as well as punitive damages.

## THIRD CLAIM FOR RELIEF

58. Plaintiffs hereby incorporate each and every paragraph above as if fully restated herein.

59. Under S.C. Code 38-59-40, Plaintiffs are entitled to recover attorneys' fees for prosecuting this action.

60. Under South Carolina common law, Plaintiffs are entitled to recover attorneys' fees and costs for prosecuting this action.

## FOURTH CLAIM FOR RELIEF

61. Plaintiffs hereby incorporate each and every paragraph above as if fully restated herein.

62. Plaintiff Fly & Form entered into an agreement with Defendant Lockton to

9

secure adequate and appropriate coverage for the Courier Square project.

63. Defendant Lockton breached that agreement by failing to secure adequate coverage addressing the scope and nature of the project.

64. Plaintiff Fly & Form is entitled to judgment against the Defendant Lockton for the full value of the settlement, Plaintiff Morrow's attorneys' fees and costs, pre-judgment interest, and other actual damages caused by Defendant Lockton's breach.

## FIFTH CLAIM FOR RELIEF

65. Plaintiffs hereby incorporate each and every paragraph above as if fully restated herein.

66. Defendant Lockton owed a duty of care to Fly & Form to secure adequate insurance coverage for the scope and nature of the work at the Courier Square project.

67. Defendant Lockton breached that duty of care by failing to enroll and obtain adequate coverage for the scope and nature of the work.

68. Defendant Lockton's breach was the direct and proximate cause of damage to Plaintiff Fly & Form, including but not limited to the costs to indemnify and defend Plaintiff Morrow and pre-judgment interest.

## SIXTH CLAIM FOR RELIEF

69. Plaintiffs reallege the allegations of the preceding paragraphs as if fully set forth herein.

70. Each Defendant is a "person" within the meaning of S.C. Code. § 39-5-10(a).

71. By contracting with Plaintiffs to provide insurance, Defendants were

engaged in commerce within the meaning of S.C. Code § 39-5-10(b).

72. Defendants' actions as described herein constitute unfair and deceptive practices within the meaning of § 39-5-20(a).

73. Defendants' actions are capable of repetition and, upon information and belief, have been repeated.

74. Defendants knew or should have known that its actions violated the South Carolina Unfair Trade Practices Act.

75. As a direct, foreseeable and proximate result of Defendants' unfair and deceptive practices, Plaintiffs have suffered actual, direct, incidental, consequential and special damages, as well as attorney's fees and costs.

76. Due to Defendants' willful violation of the Act, Plaintiffs are entitled to recover treble damages.

## JURY TRIAL DEMAND

Plaintiffs hereby demand that all issues in this case triable before a jury be so tried.

## PRAYER FOR RELIEF

1. For judgment against Defendants as described above;
2. For monetary damages in an amount to be determined at trial;
3. For punitive damages;
4. For an award of reasonable attorney's fees and costs incurred on Plaintiffs' behalf against all Defendants; and
5. For all other relief as this Court deems just and proper.

11

        Respectfully submitted,

        KELLY LAW FIRM, LLC

         /s/ Russell Britton Kelly
        Russell Britton Kelly, Federal ID #9682
        Peter T. Phillips, Federal ID #8075
        689 King Street
        Charleston, SC 29403
        843-991-4128
        britt@kellylawsc.com
        peter@kellylawsc.com

        ATTORNEYS FOR PLAINTIFFS

Charleston, South Carolina
February 19, 2021